NO. 7358

B. G. CARBAJAL

VS

LEOPOLD WEIL BLDG & IMPT CO.

STATE OF LOUISIANA

COURT OF APPEAL

PARISH OF ORLEANS.

# 7358

Clauborne, J. recused

7358

31

# OPINION.

By his Honor John St. Paul.

This suit began in November 1912 as a suit to try title to four certain squares of ground designated as Nos 1660- 1661- 2- 3.

Defendant claims title through mesne conveyances from Jon C. Nagle. It alleged that said squares of ground were in Section 28 (Township 12 South; Range 12 East) and declared that plaintiff's authors had originally ~~thought~~ sold and, upon a certain plan drawn by one Journot, according to which they claimed only 26 lots in the South part of the said four squares.

Defendant admitted that said 26 lots belonged to plaintiff, but claimed ownership of all the rest of said four squares (being the Northern portion thereof) and set up that the dividing line between the property of plaintiff and its own was "the extreme near limit of the second concession to Solomon Prevost as indicated on said plan of Journot."

Defendant further averred that it was by error that the whole of said four squares, instead of only the 26 lots ~~aforesaid~~ aforesaid, were inventoried and sold in the Succession of Achille Chiapella (through which plaintiff claims)

## II.

The case was continued from time to time until March 8th 1915, when defendant filed a motion asking for a survey. It alleged that there was no conflict of title between the parties; that plaintiff claimed lands in Section 69 (Township 12 South; Range 13 East) and defendant claimed title in the adjourning Section No. 28; that both parties claimed through the United States, and "the only matter in dispute herein is the boundary line between said Sections 28 and 69;" that said line had never been established. To this motion defendant annexed a certified sketch of Sections 28 and 69 taken from the official government records.

32

This motion was acquiesced in by plaintiff. A surveyor was appointed; but having failed to report, another was appointed in his stead October 25th 1915.

This second surveyor (Mr Eustis) reported on February 21st 1916. He fixed the line according to the Journot plan (for which defendant contended) and rejected a survey made by Mr Theard, a surveyor, for the Succession of Chiapella (for which plaintiff contended).

### III.

Plaintiff opposed this report and contended that the Theard survey should have been followed. On April 4th 1916 this opposition was maintained and the surveyor was ordered "to proceed anew to establish the boundry lines between the properties in dispute in strict accordance with the field notes of Geo H. Grandjean, Surveyor, filed in the record."

### IV.

On April 16th 1917 the surveyor reported that he had gone upon the ground and had surveyed and marked out the boundary line between sections 28 and 69 in accordance with the field notes of the official United States Survey (said field notes being those of the aforesaid George H. Grandjean, Surveyor)

On May 7th 1917 plaintiff moved to approve the report, and on June 1st defendant opposed on the ground that it was not sufficiently definite in locating said line with reference to the squares in controversy and that the Surveyor "did not follow the field notes as required by the order of court."

### V.

On June 21st 1917 the warrantor filed an answer to the petition and the call in warranty, in which he set up substantially the same defense as had originally been set up by the defendant, to wit, that Journot had made plans of ####  both sections 28 and 69, which had been acquiesced in by the

33

authors of both plaintiff and defendant, and were therefore
binding on all parties.

## VI.

On the trial before the court the defendant and the warrantor
attempted to introduce evidence bearing upon their respective
titles; but the district judge excluded any evidence except such
as tended to show the true location of the boundary line between
Sections 28 and 69, on the ground that the parties had volun-
tarily changed the character of the action and converted it
into an action of boundary.

It is of this ruling that appellant (defendant) complains.

## VII.

From all the foregoing it is clear that the defendant after
first joining issue on the question of title vel non, thereafter
of its own motion repudiated that issue and declared that there
was no conflict of title between the parties; that the only
remaining controversy between the parties was the correct
location of the boundary line between Sections 28 and 69; that
there were two surveys outstanding, one by Journot and one by
Theard; that these surveys did not agree; that both parties
looked to the official Government survey by Grandjean, and
meant to rely upon it.

## VIII.

Under the circumstances we think the trial judge properly
held the parties bound by their later pleadings and to the new
issues thus deliberately tendered by one side and acquiesced
in by the other.

Where one party tenders a new issue, which the other accepts,
neither party can complain of the change of issues thus brought
about by his own pleadings. Peterson vs Moock, 8 Ct of App. 254.

34

# IX.

For the rest it is not seriously contended that the boundary line as marked and laid down by the surveyor does not correspond with the official government survey; and as thus surveyed it bears out the contention of plaintiff giving him the whole of the four squares in controversy.

And since the plaintiff owns the squares in controversy the trial judge cery properly directed that defendant's title thereto be expunged from the conveyance records where its presence could serve no other pûrpose but to cast a cloud upon that of plaintiff.

The trial judge also very properly dismissed the call in warranty as not permissible in a boundary suit. Moreover as the warrantor did not join in the change of issues he cannot be bound thereby.

The judgment appealed from is thereby *for* affirmed.